IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL DAVIS, CHRISSANN DAVIS, and KENNETH W. WILLIAMS, II, Individuals, )<br><br>Plaintiffs, )<br><br>v. )<br><br>ANTONIO SABATO JR., et al., )<br><br>Defendants. ) | Case No. CIV-24-938-SLP |

## O R D E R

The Court sua sponte considers its subject-matter jurisdiction following review of the Notice of Removal [Doc. No. 1] (Notice) filed in this case.[1] Defendants Keith Chester, Holland Robinson, Tommy Snyder and The Broadway Agency (the Removing Defendants) invoke this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. For the reasons set forth below, the Notice of Removal fails to allege the necessary facts to sustain diversity jurisdiction and, therefore, the Court directs the Removing Defendants to file an amended notice of removal.[2] Absent sufficient allegations in any amended notice, this matter may be remanded for lack of subject-matter jurisdiction.

---

[1] "[F]ederal courts unquestionably 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

[2] As the party seeking to invoke the jurisdiction of this Court, the Removing Defendants bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Notice states that Plaintiffs are "citizens of Oklahoma" and cites the state-court petition as support. *Id*. at 1.  But the state-court petition alleges only that Plaintiffs "liv[e]" in Oklahoma or "reside[]" in Oklahoma.  Petition [Doc. No. 1-1] at 2-4.  Such allegations are insufficient.  *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile[,] and it is domicile that is relevant for determining citizenship.").[3]

The Notice further states that "[a]ll of the named Defendants are citizens of different States than Oklahoma" again citing the state-court petition.  Notice at 1.  But, a review of the state-court petition contains only allegations of residency, not citizenship, with respect to the Defendants.  Moreover, "it is not sufficient to allege that an individual or entity is not a citizen of State A."  *See, e.g., Winkler v. Saexploration Seismic Servs.*, No. CIV-21-0730-F, 2021 WL 3185046 at *1 (W.D. Okla. July 27, 2021).

The Notice is also deficient with respect to the entity defendants.  The Notice fails to identify the members of the entity defendants or the citizenship of those members.  Thus, the Court cannot determine the citizenship of the entity defendants.  *See Siloam Springs*, 781 F.3d at 1237 ("[T]he citizenship of any non-corporate artificial entity is determined by

---

[3] "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).  Thus, an individual can reside in one place, but be domiciled in another.

considering all of the entity's members."). And the state-court petition is void of any allegations regarding such members.[4]

As set forth, the Court will provide the Removing Defendants with the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction, if such facts can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.[5]

IT IS THEREFORE ORDERED that Defendants Keith Chester, Holland Robinson, Tommy Snyder and the Broadway Agency shall file an amended notice of removal in compliance with the directives set forth herein within 14 days of the date of his Order or by November 14th, 2024.[6]

IT IS FURTHER ORDERED that if an amended notice of removal is not timely and properly filed, the Court may remand this action back to the state district court.

IT IS SO ORDERED this 31st day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

.

---

[4] To the extent any entity defendant is a corporation, a corporation is deemed to be a citizen of both the state in which it is incorporated and that state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Such allegations must be included.

[5] The Court notes that these same Defendants have moved to dismiss Plaintiff's state-court petition. *See* Motion to Dismiss [Doc. No. 11]. And Plaintiffs have failed to respond to the same. However, the Court cannot proceed in this matter absent sufficient allegations of diversity jurisdiction.

[6] The Removing Defendants need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).