## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL DAVIS, CHRISSANN DAVIS, and KENNETH W. WILLIAMS, II, Individuals, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. CIV-24-938-SLP |
| ANTONIO SABATO JR., et al., ) ) | (District Court of Beckham County, Case No. CJ-2023-121) |
| Defendants. ) | |

### **O R D E R**

Before the Court is the Amended Notice of Removal [Doc. No. 14] (Amended Notice) filed by Defendants Keith Chester, Holland Robinson, Tommy Snyder and The Broadway Agency (the Removing Defendants). The Amended Notice was filed in response to the Court's prior Order [Doc. No. 12]. In that Order, the Court addressed deficiencies in the Notice of Removal [Doc. No. 1] as to allegations of diversity jurisdiction. The Court made clear in that Order that absent sufficient allegations in the filing of any amended notice, this matter may be remanded for lack of subject-matter jurisdiction.

The Amended Notice remains deficient. Although deficiencies exist as to both individual parties and entity Defendants, the Court focuses its discussion on deficiencies as to the entity Defendants.

**Discussion**

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." Section 1332 require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for each defendant[.]" *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989).

The Amended Notice states: "Holland Robinson, LLC is a Texas company, and its members are citizens of Texas." Am. Not. at 4. In support of this statement, the Removing Defendants cite "Exhibit A-4 at 4." *See id.*, footnote 19.[1]

Exhibit A-4 at 4 consists of the following:

```
TEXAS SECRETARY of STATE
JANE NELSON

                    BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

Filing Number:        804059303              Entity Type:    Domestic Limited Liability Company (LLC)
Original Date of Filing:  May 10, 2021       Entity Status:  In existence
Formation Date:       N/A
Tax ID:               32079155605            FEIN:
Duration:             Perpetual

Name:                 Holland Robinson, LLC
Address:              20303 STONE OAK PKWY APT 7204
                      SAN ANTONIO, TX 78258-0008 USA

                                                            ASSOCIATED
REGISTERED AGENT    FILING HISTORY    NAMES    MANAGEMENT    ASSUMED NAMES    ENTITIES    INITIAL ADDRESS
Name                              Name Status    Name Type          Name Inactive Date  Consent Filing #
Holland Robinson, LLC             In use         Legal

[Order]  [Return to Search]
```

*See* Doc. No. 14-4 at 4.

---

[1] Exhibit A-4 contains no pagination. The Court cites to the ECF pagination. It appears the Removing Defendants intend to cite Doc. No. 14-4 at 5.

2

The next page of Exhibit A-4, contains this additional information:

**TEXAS SECRETARY of STATE**
**JANE NELSON**

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| Filing Number: | 804059303 | Entity Type: | Domestic Limited Liability Company (LLC) |
|---|---|---|---|
| Original Date of Filing: | May 10, 2021 | Entity Status: | In existence |
| Formation Date: | N/A | | |
| Tax ID: | 32079155605 | FEIN: | |
| Duration: | Perpetual | | |
| Name: | Holland Robinson, LLC | | |
| Address: | 20303 STONE OAK PKWY APT 7204 SAN ANTONIO, TX 78258-0008 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| Last Update | Name | Title | Address |
|---|---|---|---|
| December 17, 2023 | Keith Chester | Managing Member | 20303 STONE OAK PKWY, #7204 San Antonio, TX 78215 USA |
| December 17, 2023 | Keith Chester | DIRECTOR | 20303 STONE OAK PKWY, #7204 San Antonio, TX 78215 USA |
| December 17, 2023 | Rachel Lopez | Managing Member | 1100 Broadway, Suite 300 San Antonio, TX 78215 USA |
| December 17, 2023 | Rachel Lopez | DIRECTOR | 1100 Broadway, Suite 300 San Antonio, TX 78215 USA |
| December 17, 2023 | Michelle Robinson | Managing Member | 1100 Broadway, Suite 300 San Antonio, TX 78215 USA |
| December 17, 2023 | Michelle Robinson | DIRECTOR | 1100 Broadway, Suite 300 San Antonio, TX 78215 USA |

*See id.* at 5.

The Removing Defendants cite this Exhibit without analysis or discussion. As made clear in the Court's prior Order, "'the citizenship of any non-corporate artificial entity is determined by considering all of the entity's members.'" Order at 2-3 (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015)). The information contained in Exhibit A-4 identifies – as both managing members and directors – three individuals: (1) Keith Chester; (2) Rachel Lopez; and (3) Michelle Robinson.

Rachel Lopez is a non-party to this action. The Removing Defendants have failed to provide *any* information with respect to the citizenship of Ms. Lopez. Without such information, the Court cannot determine the citizenship of Defendant Holland Robinson, LLC.

Michelle Robinson is also listed in Exhibit A-4 as a managing member and director of Holland Robinson, LLC. Ms. Robinson is a party to this action. With respect to her citizenship, the Amended Notice states: "Defendant Michelle Robinson is a citizen of

Texas. She *currently resides* in Texas." *Id*. at 5 (emphasis added; citing Exhibit A-13 at 5 and Exhibit A-14). But the information in support of these statements is insufficient to show Ms. Robinson's *citizenship* at either the time the state-court petition was filed or at the time of removal.[2] As the Court previously instructed, "[a]n individual's residence is not equivalent to his domicile[,] and it is domicile that is relevant for determining citizenship."). *See* Doc. No. 12 at 2 (quoting *Siloam Springs*, 781 F.3d at 1238).[3]

The information cited includes Ms. Robinson's name as "associated with" an address in Johnson County, Texas, for the limited time period August 2024 through September 2024. *See* Doc. No. 14-13 at 5.[4] But the "owners" of the property are identified as persons other than Ms. Robinson. *See id*. The Removing Defendants further cite information contained on Facebook postings for "Michelle Halverson" with a web address of https://www.facebook.com/Michelle.B.BroquezRobinson. *See* Doc. No. 14-14. The Removing Defendants fail to address the content of these Facebook postings or explain how the postings demonstrate Ms. Robinson is a citizen of, i.e., domiciled in, Texas.

---

[2] "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs*, 781 F.3d at 1239. And in removed cases, there is also a statutory requirement that diversity of citizenship exist at the time of removal. *Grupo Dataflux v. Atlas Global Group, L.P*., 541 U.S. 567, 574 (2004) (citing 28 U.S.C. § 1441(a)).

[3] "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Thus, an individual can reside in one place, but be domiciled in another.

[4] Exhibit A-13 contains its own pagination. A checkmark appears on page 4 (ECF page 5). Thus, it appears to the Court that this is the information the Removing Defendants rely upon. To the extent the Removing Defendants are pinpoint citing page 5 (ECF page 6) there is nothing contained therein that alters the Court's analysis.

4

Keith Chester is the third individual identified in Exhibit A-4 as a managing member and director of Holland Robinson, LLC.  Mr. Chester is also a party to this action and one of the Removing Defendants.  The Amended Notice states: "Keith Chester is an individual domiciled in and a citizen of Tennessee." *Id*. at 4.  The Removing Defendants attach no evidentiary support for this statement.  Elsewhere in the Removing Defendants' submissions, Keith Chester is identified as a managing member of Defendant, The Broadway Agency, LLC.  *See* Exhibit A-5 at 2.  A Texas address is listed there.  *See id*.[5]

Additionally, the information provided about Holland Robinson LLC shows that it was last updated in December 2023.  The Notice of Removal in this action was filed in September 2024.  Thus, the Court has no information before it with respect to the membership interests at the time of filing the Notice of Removal.

As to the Removing Defendant, The Broadway Agency, LLC, the Amended Notice states: "The Broadway Agency, LLC, is a Texas company, and its members are citizens of Texas."  Am. Not. at 4 (citing Exhibit A-5 at 4).  Although the Amended Notice refers to "members" in the plural, it does not state the names of those members.  The referenced Exhibit identifies only Keith Chester as a member.  The address listed next to his name is a Texas address (presumably the entity's address).  *See* Doc. No. 14-5 at 5.  And although the Removing Defendants assert that the members of The Broadway Agency, LLC are "citizens of Texas" as noted, they contradictorily assert elsewhere, without proof, that Mr. Chester is a citizen of Tennessee.  Am. Not. at 4.  To this end, it is concerning to the Court

---

[5] Citations are to the Court's ECF pagination.

that in their original Notice of Removal, the Removing Defendants represented, collectively, that "they are citizens of Tennessee" – to include the entity Defendants *See* Doc. No. 1 at 4. Contradictorily, in the Amended Notice of Removal – filed just a few months later – the Removing Defendants now represent that the entity Defendants are citizens of Texas.

The Court could go on citing deficiencies as to the citizenship allegations included in the Amended Notice (those identified are not exhaustive), but deems it unnecessary to do so. The Removing Defendants have submitted in excess of 450 pages of exhibits in an effort to establish the citizenship of the parties to this action. They pinpoint cite only approximately 40 pages. Notably, information about the citizenship of Defendants Keith Chester, Holland Robinson, LLC and The Broadway Agency, LLC, is information *within the possession and control of* the Removing Defendants. It seems to the Court a much more straightforward approach would have been for the Removing Defendants to submit affidavits to identify the membership interests of the entity Defendants and the citizenship of the respective members at the time of the filing of the petition and at the time of removal.

Instead, the Removing Defendants have submitted a maze of information, without discussion or analysis, that consequently requires conjecture and speculation to be applied in order to draw any conclusions regarding citizenship. Alternatively they have made bald unsupported assertions of citizenship. Put another way, the position of the Removing Defendants in detailing for the Court facts establishing citizenship is scant more than "see Google for more information." The Court declines to backfill the Removing Defendants insufficient analysis.

6

Finally, it is relevant to the Court's analysis to point out that the entity Removing Defendants have failed to submit their required disclosures in this action. *See* Fed. R. Civ. P. 7.1(a)(2); *see also* LCvR 7.1.1. This failure further obfuscates the Court's ability to determine the citizenship of the Removing Defendants.

For all these reasons, the Court finds the Removing Defendants have failed to meet their burden of establishing diversity of citizenship jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Accordingly, the Court finds it lacks subject matter jurisdiction and remands this action to state court.

IT IS THEREFORE ORDERED that this action is remanded to the District Court of Beckham County, State of Oklahoma. The Clerk of Court is directed to take all actions necessary to effect the remand.

IT IS SO ORDERED this 25th day of November, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

.